IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J. ALLEN JARBOE, as Trustee of the ) <br> TREADSTONE REVOCABLE TRUST, ) <br> dated December 17, 2007, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> HUNTINGTON FOAM CORP., et al., ) <br>   ) <br> Defendants. ) <br>   ) | Civil Action No. 07-1689 <br><br> Magistrate Judge Lisa Pupo Lenihan <br><br> Doc. Nos. 2 & 8 |

## ORDER OF COURT APPOINTING RECEIVER

LENIHAN, M. J.

Currently before the Court for disposition is Plaintiff's Emergency Motion to Appoint Receiver (Doc. No. 2) ("Emergency Motion"), and a Motion for Dismissal of Plaintiff's Emergency Motion to Appoint Receiver, or in Lieu Thereof, a Motion to Appoint Receiver Agreed Upon by Shareholders of Defendants ("Motion for Dismissal/Alternate Receiver"), filed by Thomas Walton (Doc. No. 8). An evidentiary hearing was held on December 18, 2007, at which time Plaintiff was represented by counsel who presented the testimony of two witnesses–Jeffrey Jones, Chief Financial Officer of Huntington Foam Corp., and Nicholas Arrington, Managing Partner of Compass Advisory Partners, LLP, the proposed receiver– in support of its Emergency Motion. Notably absent from the hearing were the shareholders of Defendants, Thomas Walton and Thomas Brubaker; however, the shareholders were represented at the hearing by their counsel, Schnader Harrison Segal & Lewis LLP.[1]  Also absent from the hearing was the shareholders' proposed receiver, Mark DuMars, nor

---

1. For purposes of the evidentiary hearing only, Schnader Harrison Segal & Lewis represented Thomas Walton as his counsel, Carl A. Belin of Belin, Kubista & Ryan, was unable to attend the

Dockets.Justia.com

was the Court provided with an affidavit from Mr. DuMars or his resume.

AND NOW, this 20th day of December, 2007, upon consideration of the Emergency Motion and the Motion for Dismissal/Alternate Receiver, all of the evidence presented at the hearing, and arguments of counsel, it is hereby ORDERED, ADJUDGED and DECREED that the Emergency Motion is GRANTED and the Motion for Dismissal/Alternative Receiver is DENIED as follows:

### A. Findings of Fact and Conclusions of Law Relating to Appointment of Receiver

1. Huntington Foam Corp., Huntington Foam Mexicano, Inc., and Huntington of Mexico, Inc. ("Defendants" or "Companies") are indebted to Plaintiff, which debt is evidenced by, *inter alia,* a Credit Agreement dated as of October 1, 2004 (as amended and modified, the "Credit Agreement") and is secured by a first priority security interest and lien in and on substantially all of the Defendants' assets (the "Collateral").

2. Service of Plaintiff's Emergency Motion was properly made upon Defendants.

3. Jeffrey Jones was a credible witness.

4. The Defendants are in default under the Credit Agreement.

5. The Defendants' Board of Directors and its two shareholders, each of which, directly or indirectly, owns fifty percent (50%) of the shares of Defendants, were deadlocked and, as a result of the deadlock, management was and is unable to take the necessary actions to manage and operate the Defendants' businesses.

6. The Defendants' business operations have suffered, and continue to suffer, as a result of the deadlock.

7. As a result of the foregoing, Defendants' business operations as a going concern

---

hearing.

are at risk of substantially declining.

8. As a result of the foregoing, the security and value of Plaintiff's Collateral is at risk of decline, deterioration, and dissolution.

9. The appointment of a receiver for the Defendants is necessary to stabilize and preserve their assets and businesses.

10. Nicholas Arrington was a credible witness.

11. Mr. Arrington testified under oath that neither he nor Compass Advisory Partners has any connection to or with Treadstone Capital Management, LP.

12. Mr. Arrington has substantial experience as a receiver having acted in that or a similar capacity on at least 100 occasions.

13. Mr. Arrington testified he understands his fiduciary duties and obligations to the Companies and that he will perform his duties with the best interests of the Companies in mind.

14. Mr. Arrington is well qualified to be appointed receiver for the Companies.

15. The shareholders have failed to show that Mr. DuMars is qualified to be appointed as receiver for the Companies.

**B.**     **Appointment of Receiver**

16. Effective as of 12:00 p.m. on December 20, 2007 (the "Effective Date"), Compass Advisory Partners, LLP is appointed as Receiver (the "Receiver") for a period commencing on the date of this Order and ending upon termination of such appointment by further Order of Court. The Receiver is appointed for the purpose of managing, protecting, preserving, and operating the Defendants' businesses and the Company Assets (as defined below) and is hereby granted and vested with all powers necessary to do so. The Receiver's responsibilities include

oversight of all aspects of the management and operation of the Defendants' businesses.

17. The Receiver is appointed for the businesses, properties and assets of the Defendants, real, personal and mixed, of whatever kind and description, and wheresoever situated, including all the buildings, plants, lands, tenements, herediments, and real property (the "Real Property") as well as the personal property, business, shares of stock, rights, assets, and effects of whatsoever nature and kind and wheresoever the same may be situated, all its buildings, plants, machinery, tools, merchandise, bills and accounts receivable, cash on hand and in banks, and all of its contracts, rights, and all contracts, rights, insurance policies (including without limitation property, liability, errors and omissions, directors and officers liability, crime, theft, and other policies of insurance, hereafter "Claim Policies"), claims, choses in action, (including without limitation all claims, rights, and coverage available under any applicable insurance policy, indemnity agreement, insured contract, fidelity bond, or similar arrangement to pay, reimburse, or defend any loss, direct loss, damages, punitive damages, defense costs, investigative costs, liability, or similar sums), intangibles, licenses, patents, trademarks and names, copyrights, corporate franchises, and its income and profits, books of accounts, records and other books, papers and accounts, deeds, leases, contracts, muniments of title, and all interests, easements, privileges, rights and assets of every kind (collectively the "Business Assets," and together with the Real Property, the "Company Assets").

18. The Receiver shall serve without bond, provided that the Receiver will well and truly perform its duties and shall abide by and perform all of the things which it shall be required

to do under this Order.

19. The Receiver is appointed hereunder for the benefit and protection of the rights and interests of the Companies.

20. The Receiver will be compensated at hourly rates ranging from $180 to $275 per hour for services provided by the Receiver and those employed by the Receiver. The Receiver will also be reimbursed for expenses incurred in the performance of the Receiver's duties. The Receiver and those employed by the Receiver will furnish Plaintiff and other interested parties with copies of their invoices for services rendered and costs incurred on a monthly basis.

21. The Receiver shall have all necessary powers to manage and operate the Company Assets including, without limitation, the following powers and responsibilities: (a) to take possession of the Company Assets and all personalty related thereto, including without limitation, all related books, records, bank accounts, keys, combinations for locks or other access information, or which relate in any manner to the management or operation of all or any portion of the Company Assets, (b) to direct Defendants, their equity owners, officers, agents, employees or other representatives immediately to turn over and deliver or cause to be delivered to the Receiver or his designee all personalty which relates in any manner to the management or operation of the Company Assets including, without limitation, all keys, combinations for locks or other access codes, books, records, accounts, operating statements, reserve accounts and the like pertaining to the operation of the Company Assets, (c) to sell all or any portion of the Company Assets and to do all acts and things necessary or advisable in connection with such sale(s), (d) to negotiate all bills, drafts, notes

or other instruments in the name of the Defendants, (e) to take such steps with respect to the outstanding accounts payable and the status of operation of the Company Assets in order to maintain, preserve, and protect the Company Assets including, without limitation, to discern the status of the outstanding accounts payable and to settle any such accounts that the Receiver or his designee deems necessary and the power to demand, collect and receive from all present and future account debtors, all sums now due and unpaid or which hereafter shall become due with respect to or arising out of the Company Assets during the pendency of the receivership authorized hereby, (f) to employ such counsel, accountants or other professionals, as may be necessary in order to carry out his duties as Receiver and to preserve, maintain and liquidate the Company Assets, (g) to conduct discovery, provide notice, pursue claims, cooperate, negotiate, and otherwise take all steps necessary to recover or obtain coverage from any entity relating to (1) the acts, conduct, property, liabilities, or financial condition of the Defendants, (2) the Claim Policies, or (3) any other matter or item that may affect the Receiver's administration of the Company Assets; (h) to commence and prosecute such actions at law or in equity that the Receiver deems necessary to fulfill its duties to preserve the Company Assets, provided that the Receiver shall have a non exclusive right to pursue claims under the Claim Policies and shall consult and cooperate with Plaintiff so as to not impair any right or claim Plaintiff may have under the Claim Policies, (i) to commence and prosecute such actions at law or in equity that the Receiver deems necessary to fulfill its duties to preserve the Company Assets, (j) to terminate or abrogate any or all agreements, contracts, understandings or commitments entered into by the Defendants with respect to the Company Assets, to the extent

permitted by applicable law, (k) to maintain existing or open new accounts with, or negotiate, compromise or otherwise resolve the Defendants' existing obligations to utility companies or other service providers or suppliers of goods and services to the Defendants or to otherwise enter into such agreements, contracts or understandings with such utility companies or other service providers or suppliers as are necessary to maintain, preserve and protect the Company Assets, (l) to open new bank accounts with respect to the Receiver or its designee's management of the Company Assets, (m) to secure such monies as Plaintiff may be willing to advance for the operation, preservation and maintenance of the Company Assets, including current costs of repairs and general maintenance, security, utilities, insurance and other necessary services, and (n) to apply to this Court for further direction and for such further powers as may be necessary to enable the Receiver to fulfill its duties.

      22. In order to exercise the authority conferred upon it by this Order, the Receiver is hereby vested with the standing and all power and authority of, but without the liability of or associated with, or obligation to act as: (a) the boards of directors of the Defendants and (b) the Defendants in their capacities and relationships as "employers," as the Receiver deems necessary for the operation and management of the Company Assets, including without limitation the power and authority to (i) assert or waive attorney/client, work product, joint defense or other privilege, (ii) execute documents, instruments and resolutions in connection with sale or finance transaction, (iii) have and obtain access to employee records, reports, communications and other work product, and (iv) commence a case under Title 11 of the United States Code. The Receiver may apply to this Court for further direction and for such further powers as may be necessary to enable the Receiver

to fulfill its duties.

23. The Receiver is authorized in its discretion to employ, fix and pay the compensation, salaries and wages of all managers, agents, employees, servants as may be advisable or necessary in its judgment for the operation, management, conduct, control or custody of the affairs of the Company Assets. The Receiver may employ counsel for the Receiver for the limited purpose of advising the Receiver in matters relating to securing the receivership. Counsel for the Receiver may be paid on a regular basis from the Company Assets. Counsel for the Receiver shall submit invoices for services rendered and costs incurred to Plaintiff and other interested parties on a monthly basis.

24. The Receiver or its designee shall conduct an inspection of the Company Assets and shall perform a complete inventory of the Company Assets coming under its control or possession pursuant to this Order. Such inspection and inventory shall be conducted with the cooperation of Plaintiff, the Defendants and their agents, employees or other representatives and the Receiver or its designee shall file with the Clerk's Office a true and complete inventory of the Company Assets under oath within forty-five (45) days after the date of this Order. The Receiver or its designee shall keep a true and accurate account of any and all receipts and expenditures and shall, so often as the Court directs, file with the Court such reports as the Court may require.

25. All rents, issues, profits, revenues, income or other payments which are now or hereafter become due (hereinafter collectively, the "Accounts") with respect to all or any portion of the Company Assets whether pursuant to oral or written agreements shall be remitted by the account

debtors directly to the Receiver.

26.  The Receiver shall have no personal liability for any environmental liabilities arising out of or relating to Defendants or their businesses or the Company Assets.

27.  Any sales of Defendants' assets pursuant hereto shall be on the terms and conditions as are reasonable under Article 9 of the Uniform Commercial Code.

28.  The Receiver may obtain liability insurance to protect itself in carrying out its duties hereunder with a policy limit of not more than $2,000,000 and the premium therefore should be paid from the Company Assets.

29.  The Receiver, its employees and counsel are entitled to rely on all outstanding rules of law and Court Orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment or decree. In no event shall the Receiver be liable to anyone for good faith compliance with its duties and responsibilities, nor shall the Receiver, its employees or advisors be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence or reckless disregard of their duties.

30.  The Receiver shall permit existing insurance coverage for the Company Assets to remain in force until the expiration of the current paid up term under such policy or policies and shall notify the insurance carriers immediately of the appointment of the Receiver hereby and request that the Receiver be added to the insurance policy or policies as an Additional Insured thereunder.  Upon the expiration of the paid up portion or such policy or policies, the Receiver shall

have the responsibility for keeping the Company Assets insured and may as an option keep in force the existing insurance coverages or obtain new coverages for the Company Assets, each of which coverages shall name the Receiver as an Additional Insured thereunder.

31. Defendants, their directors, equity owners, officers, agents, employees or other representatives under this Order are hereby directed to use their best efforts to ensure a smooth transition of the operation of the Company Assets to the Receiver or its designee and the Defendants shall cooperate with the Receiver or his designee in consummating such transition.

32. The Defendants, their directors, equity owners, officers, agents, employees or other representatives are hereby enjoined from interfering in any manner with the Receiver or its management of the Company Assets.

33. All directors, equity owners, creditors, and other persons, and all others acting on behalf of any such equity owner, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys are enjoined from:

a. Commencing, prosecuting, continuing or enforcing any suit or proceeding in law, equity, bankruptcy, or otherwise against or affecting the Defendants or any part of the Company Assets without first obtaining leave of this Court except that such actions may be filed to toll any statutes of limitations;

b. Using self help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon

any portion of the Company Assets, wherever situated;

    c.    Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate the due date of any lease, loan, mortgage, indebtedness, security agreement or otherwise affecting the Company Assets;

    d.    Doing any act to interfere with the taking control, possession, or management, by the Receiver, of any portion of the Company Assets or to interfere in any manner with the exclusive jurisdiction of this Court over the Company Assets;

    e.    Engaging in any act to create, perfect, or enforce any lien against Company Assets, unless specifically authorized by order of this Court;

    f.    Engaging in any act to collect, assess, or recover a claim against the Defendants that arose before the appointment of the Receiver; and

    g.    Exercising a set off of any debt owing to the Defendants that arose before the appointment of the Receiver against any claim against the Defendants.

34. The receivership authorized and created hereby may be terminated the earlier of June 1, 2008 or (ii) at any time by the Court upon a motion filed by any of the parties to this lawsuit or the Receiver. Unless otherwise expressly provided therein, the entry of a judgment on Plaintiff's Complaint shall not operate as a termination of the Receivership.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.1.3(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the

date of issuance of this Order to file a notice of appeal, which includes the basis for objection to this Order. Any party opposing the appeal shall have ten (10) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal may constitute a waiver of any appellate rights.

                                                        By the Court:

                                                        LISA PUPO LENIHAN
                                                        United States Magistrate Judge

cc:    All Counsel of Record
       *Via Electronic Mail*

       *Via U.S. Mail:*
       Keith E. Whitson, Esquire
       Schnader Harrison Segal & Lewis LLP
       Fifth Avenue Place, Suite 2700
       120 Fifth Avenue
       Pittsburgh, PA 15222-3001

       Carl A. Belin, Jr., Esquire
       15 North Front Street
       P.O. Box 1
       Clearfield, PA 16830

       William E. Kelleher Jr., Esquire
       Cohen & Grigsby, PC
       11 Stanwix St., 15th Floor
       Pittsburgh, PA 15222-1319